# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TAMMY DINGER, surviving spouse and
heir-at-law for Darren Scott Dinger; and
TAMMY DINGER, as Administratrix of the
estate of Darren Scott Dinger,

*Plaintiffs,*

v.

Case No.  12-4002-EFM

UNITED STATES OF AMERICA,

*Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Tammy Dinger brought suit under the Federal Tort Claims Act,[1] alleging that her husband's death was the result of the negligent operation of a motor vehicle by a tribal employee who was allegedly working under a grant from the federal government at the time of the accident.  Defendant United States of America requests that the Court either dismiss the suit for lack of subject matter jurisdiction (Doc. 8), or in the alternative, grant summary judgment in its favor (Doc. 15).

## I.        Factual and Procedural Background

Darren Scott Dinger ("Mr. Dinger") was driving his motorcycle on Kansas Highway 18 on July 23, 2009, when Candace Wishkeno negligently drove her 2001 Dodge Durango into the

---

[1]        28 U.S.C. §§ 2671 *et seq.*

pathway of Mr. Dinger's motorcycle.  Mr. Dinger crashed into the Durango, suffering fatal injuries.  Plaintiff Tammy Dinger ("Dinger") brings this suit in her capacity as the surviving spouse and heir-at-law of Mr. Dinger, and in her capacity as the administratrix of Mr. Dinger's estate.

Wishkeno is a member of the Kickapoo Tribe in Kansas ("the Tribe").  At the time of the accident, Wishkeno was employed by the Tribe as the Kickapoo Child Care Services Program Coordinator and Native Employment Program Coordinator.[2]  Dinger alleges that Wishkeno's employment was pursuant to the Indian Self-Determination and Education Assistance Act ("ISDEAA").[3]  When the accident occurred, Wishkeno was transporting tribal youth to the Flint Hills Job Corps Center in Manhattan, Kansas, for a tour of the facility.  Wishkeno and her mother personally own the Dodge Durango that was involved in the accident.  Although the Tribe leases five vehicles from the General Services Administration ("GSA"), Wishkeno used her own SUV rather than waiting for one of the GSA vehicles that was being shared among tribal programs.

Dinger alleges that, at the time of the accident, the Tribe had entered into self-determination contracts with the Secretary of the Interior to plan, conduct, and administer programs for the benefit of Indians pursuant to the ISDEAA.[4]  On July 23, 2009, the Tribe allegedly had a liability insurance policy that was issued in accordance with the ISDEAA,[5] and included a provision waiving the Tribe's right, as a federal entity, to sovereign immunity within

---

[2]   Pl.'s Mem. in Opposition to Mot. to Dismiss (Exhibit 6), Doc. 11-6, at 2.

[3]   25 U.S.C. §§ 450 *et seq.*

[4]   *Id.* § 450f.

[5]   *Id.* § 450f(c).

the limits and coverage of the policy.  Dinger asserts that Wishkeno and her SUV were covered by that insurance policy at the time of the accident.

Dinger brought a claim for monetary damages against Defendant United States of America ("the Government") under the Federal Tort Claims Act ("FTCA"), alleging that Wishkeno caused Mr. Dinger's death while acting negligently and on behalf of the Tribe in furtherance of the tribe's ISDEAA programs.  Dinger's complaint did not identify an ISDEAA contract that Wishkeno was allegedly employed under.  The Government subsequently filed a motion to dismiss Dinger's claim for lack of subject matter jurisdiction and a motion for summary judgment on the grounds that Wishkeno was not acting pursuant to a self-determination contract at the time of the accident.  After reviewing the complaint and other evidence submitted in support of the parties' positions, the Court concludes that it lacks the authority to adjudicate this matter and must dismiss the suit under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.    Legal Standards

### A.    Sovereign Immunity and the FTCA

The Government argues that this Court lacks subject-matter jurisdiction over Dinger's claim because the Government has not waived its sovereign immunity from private suit.  Federal courts are courts of limited jurisdiction, and must have a statutory or constitutional basis to exercise jurisdiction over the subject matter of a suit.[6]  Absent an unequivocal waiver, sovereign immunity prohibits private lawsuits against the federal government and its agencies.[7]  The

---

[6]    *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448–49 (1850).

[7]    *See Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992).

Federal Tort Claims Act is a limited waiver of the federal government's sovereign immunity.[8]  A claimant may bring suit under the FTCA for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant."[9]  Therefore, a court has subject matter jurisdiction over a tort claim brought against the United States only if the plaintiff can show that his or her claim falls within the statutory requirements of the FTCA.[10]

In this case, the Government asserts that Dinger has not met the statutory requirements of the FTCA because Wishkeno was not an employee of the Government acting within the scope of employment at the time of the accident.  Specifically, the Government argues that Dinger has failed to allege facts sufficient to show that Wishkeno's employment with the Tribe was based on an ISDEAA contract between the federal government and the Tribe.

**B.**    **ISDEAA Self-Determination Contracts and the FTCA**

Under an ISDEAA self-determination contract, the federal government provides funding to a tribal organization to plan, conduct, and administer a program or service that otherwise would have been provided directly by the federal government, thereby furthering public policy in favor of greater Indian self-determination.[11]  A "self-determination contract" under the ISDEAA is a contract between an Indian tribe and either the Secretary of the Interior or the Secretary of

---

[8]    *See* 28 U.S.C. § 1346(b)(1).

[9]    *Id.*

[10]    *See In re Agent Orange Product Liability Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (stating that he burden is on the plaintiff to both plead and prove compliance with the statutory requirements of the FTCA), *quoted in Johnson v. Potter*, 2006 WL 1302120, at *3 (D. Kan. Apr. 19, 2006).

[11]    *See* 25 U.S.C. § 450f; *Goodthunder v. Na'Nizhoozhi Ctr., Inc.*, 1995 WL 865870, at *2 (D. N.M. Dec. 1, 1995).

Health and Human Services.[12]   Congress amended the ISDEAA in 1988 to permit FTCA claims to be brought when death or injury results from the performance of an ISDEAA self-determination contract.[13]   Although tribal members do not become federal employees when operating under ISDEAA self-determination contracts, they are "covered employees" and are treated as federal employees for purposes of the FTCA.[14]   Therefore, a plaintiff may bring an FTCA claim against the federal government if the plaintiff suffered an injury caused by a person who was acting pursuant to an ISDEAA self-determination contract.  In this case, Dinger may sue under the FTCA if Wishkeno was employed with the Tribe through an ISDEAA self-determination contract.

**C.      Applicable Standard of Review**

The Government makes its argument that Wishkeno was not a covered employee acting pursuant to an ISDEAA contract in both a motion to dismiss and a motion for summary judgment, and introduces affidavits and documents outside the pleadings as support for its motions.  Consequently, a threshold issue for the Court's determination is whether to address the Government's argument as a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, or as a Rule 56 motion for summary judgment due to the introduction of materials outside the pleadings.

Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) facial attacks, which question the sufficiency of the allegations in the complaint; or (2) factual attacks, which challenge the content of the allegations regarding subject matter

---

[12]   25 U.S.C. § 450b(i), (j), (l).

[13]   *Goodthunder*, 1995 WL 865870, at *2.

[14]   *See* 25 U.S.C. § 450f; *Allender v. Scott*, 379 F. Supp. 2d 1206, 1211 (D. N.M. 2005).

jurisdiction.[15]  With respect to Wishkeno's status as a federal employee, the Government asserts a factual challenge to Dinger's complaint.  In a factual attack under Rule 12(b)(1), the court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[16]  Therefore, referencing materials submitted by the parties outside the pleadings does not automatically classify the Government's motion as a Rule 56 motion for summary judgment.

The Court would, however, be required to rule on the Government's summary judgment motion if "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."[17]  Here, Dinger brings a substantive claim of negligence.  The jurisdictional question—whether Dinger's claim falls within the FTCA's waiver of sovereign immunity—turns on whether Wishkeno was employed by the Tribe pursuant to a self-determination contract under the ISDEAA.  It is not necessary for the Court to resolve any negligence issues to determine whether Wishkeno was employed by the tribe pursuant to the ISDEAA.  Therefore, the Court will address the Government's arguments as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

## III.    Analysis

As the party invoking the Court's jurisdiction, Dinger bears the burden of establishing subject matter jurisdiction in this case.[18]  Both parties have submitted exhibits in support of their positions regarding the nature of Wishkeno's employment.  Contesting Dinger's allegation that

---

[15]    *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[16]    *Id.* at 1003.

[17]    *Sizova v. Nat'l Institute of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).

[18]    *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Wishkeno's position with the tribe was funded by the Department of the Interior, the Government first submitted a copy of a grant to the Tribe from the Department of Health and Human Services ("HHS").  The Government argues that the framework of that grant program, Native Employment Works, did not contain any waiver of sovereign immunity.

In response, Dinger submitted several exhibits to support her claim that Wishkeno was operating pursuant to an ISDEAA self-determination contract at the time of the accident.  First, Dinger included letters from the Tribe's insurance provider, Travelers, explaining that Travelers would cover costs related to the accident because "Ms. Wishkeno was operating her personal vehicle on behalf of the Kickapoo Tribe in Kansas in the administration or operation of the Flint Hills Job Corps Project, a federally funded project, and which involves [an ISDEAA] Contract."[19]  But the letters also include caveats that Travelers's conclusions were "based on the information known to date."[20]  Additionally, Dinger provided the Court with a copy of a letter from the Kickapoo Legal Department, which states that they determined that Wishkeno was "at all times acting within the scope of employment when the accident occurred" and "acting under a grant from the Department of Health and Human Services."[21]  But the letter does not state that the grant from HHS involved an ISDEAA self-determination contract with the Tribe.  Likewise, none of the other documents that Dinger submitted—i.e., letters between attorneys involved in the case—offer any proof or suggestion that Wishkeno's employment with the Tribe was pursuant to a self-determination under the ISDEAA.

---

[19]   Pl.'s Mem. in Opposition to Mot. to Dismiss (Exhibit 1), Doc. 11-1, at 4.

[20]   *Id.* at 7; Pl.'s Mem. in Opposition to Mot. to Dismiss (Exhibit 2), Doc. 11-2, at 2.

[21]   Pl.'s Mem. in Opposition to Mot. to Dismiss (Exhibit 3), Doc. 11-3, at 2.

The Government's reply to Dinger's oppositional memorandum includes affidavits from two government officials.  First, the Self-Determination Officer with the regional office of the Bureau of Indian Affairs avers that "there are no ISDEAA contracts between the Department of the Interior and the Kickapoo Tribe in Kansas that relate to the activity engaged in by Candace Wishkeno at the time of this accident."[22]   Second, a Senior Contract Specialist with HHS's Indian Health Service avers that HHS records show that the Tribe "is not eligible for Federal Tort Claims Act ("FTCA") coverage for its Native Employment Works Program under the Kickapoo Tribe's Self-Determination Contract with the Indian Health Service due to its lack of inclusion within this contract."[23]

Given this evidence from the Government, the Court must conclude that Dinger has failed to show that Wishkeno was employed under a self-determination contract as defined in the ISDEAA.  Consequently, the pleadings do not contain sufficient facts to establish that Wishkeno was a covered employee subject to liability under the FTCA.  The Court must therefore dismiss Dinger's negligence claim against the United States for lack of subject matter jurisdiction.

**IT IS ACCORDINGLY ORDERED** this 13th day of March, 2013, that Defendant United States of America's Motion to Dismiss (Doc. 8) is hereby **GRANTED**.

---

[22]   Aff. of Candace Fox, Doc. 14-1, at ¶ 2.

[23]   Aff. of Ronda Longbrake, Doc. 14-2, at ¶ 3.

-8-

**IT IS FURTHER ORDERED** that Defendant United States of America's Motion for Summary Judgment (Doc. 15) is hereby **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE